# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

AEVIN MUCKE,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 2:17-cv-00256 JRC

ORDER ON PLAINTIFF'S COMPLAINT

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed. *See* Dkt. 11, 12, 13.

      After considering and reviewing the record, the Court concludes that the ALJ erred when she discounted the medical opinions of Dr. Anselm Parlatore. The ALJ failed

to provide specific and legitimate reasons supported by substantial evidence when she discounted Dr. Parlatore's opinions as (1) unsupported by clinical findings; (2) based on plaintiff's subjective complaints and incompatible with plaintiff's activities of daily living; and (3) unsupported by the longitudinal record. Contrary to the ALJ's determination, the record demonstrates that Dr. Parlatore's opinions were supported by clinical findings, interviews, testing, and mental status examinations. Moreover, the ALJ's determination is unsupported by the record as a whole. Had the ALJ properly considered Dr. Parlatore's opinions, the residual functional capacity may have included additional limitations.

Because this error is not harmless, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, AEVIN MUCKE, was born in 1986 and was 16 years old on the alleged date of disability onset of August 1, 2002. *See* AR. 212-17. Plaintiff completed the 11th grade in high school and obtained his GED his senior year. AR. 50. Plaintiff has some work history at a fast food restaurant and a relative's pet shop. AR. 53. Plaintiff's last employment was as a produce clerk, but he quit after a few weeks because of anxiety. AR. 52-53.

According to the ALJ, plaintiff has at least the severe impairments of "learning disorder, attention deficit disorder and/or other organic mental disorder, anxiety disorder, affective disorder, and autism spectrum disorder (20 CFR 416.920(c))." AR. 25.

At the time of the hearing, plaintiff was living with his parents on their farm. AR. 48.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 95, 107. Plaintiff's requested hearing was held before Administrative Law Judge Cheri L. Filion ("the ALJ") on September 21, 2015. *See* AR. 43-94. On December 17, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 20-42.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ provided legally sufficient reasons for rejecting the opinions of an examining psychiatrist; and (2) Whether the ALJ provided germane reasons for rejecting the lay testimony. *See* Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1) Whether or not the ALJ provided legally sufficient reasons for rejecting the opinions of an examining psychiatrist.

Plaintiff argues that the ALJ erred in her treatment of the opinions of examining psychiatrist Anselm A. Parlatore, M.D. *See* Dkt. 11, pp. 3-14. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Parlatore performed two Psychological/Psychiatric Evaluations on plaintiff. AR. 435-39, 512-16. On October 26, 2012, as part of his evaluation, Dr. Parlatore examined "numerous records," conducted a clinical interview, charted his findings, and conducted a Mental Status Examination ("MSE"). AR. 435-39. On mental status, Dr. Parlatore noted that plaintiff's speech was awkward and vague and that plaintiff was timid, jittery, perplexed, forlorn, anxious, nervous, distant, flat, and preoccupied. AR.

438.  On a Folstein mini mental evaluation, Dr. Parlatore observed that plaintiff's remote memory was poor -- he only scored 3 out of 7 on Serial 7s -- and he could not spell "world" correctly backwards.  AR. 439.

Based upon his examination, Dr. Parlatore opined that plaintiff had marked to severe limitations with respect to his ability to perform basic work activity.  AR. 437.  For example, Dr. Parlatore opined that plaintiff had marked limitations understanding, remembering, and persisting in tasks by following very short and simple instructions.  *Id.*  Dr. Parlatore also opined that plaintiff had severe limitations in completing a normal work day or work week without interruptions from his psychologically based symptoms.  *Id.*

On August 26, 2014, Dr. Parlatore performed a second Psychological/Psychiatric Evaluation on plaintiff.  AR. 512-16.  Dr. Parlatore again charted plaintiff's medical history and conducted a MSE.  *Id.*  On mental status, plaintiff's speech was bland, his attitude was tense and serious, and he was sad, anxious, nervous, and flat.  AR. 515.  Dr. Parlatore observed that plaintiff had an abnormal Folstein and that his memory, concentration, and abstract thought were outside normal limits.  AR. 515.  Dr. Parlatore again indicated that plaintiff had marked limitations in his ability to perform basic work activities in all categories except one.  AR. 514.

The ALJ gave Dr. Parlatore's opinions little weight.  With respect to both opinions, the ALJ determined that Dr. Parlatore "did not give any expressed basis for his multifaceted assessment of psychological disability and appears to have heavily relied on the claimant's subjective reporting."  AR. 34; *see also* AR. 35.  The ALJ noted that Dr.

Parlatore's evaluations were inconsistent with the longitudinal record and plaintiff's presentation throughout the longitudinal record. *Id.* The ALJ also discounted Dr. Parlatore's August 2014 opinion because the ALJ determined that the plaintiff "has limited credibility as to the debilitating severity of his psychological symptoms, impairments, and limitations." AR. 35. The Court finds that the ALJ's rejection of Dr. Parlatore's opinions is not supported by specific and legitimate reasons supported by substantial evidence.

First, the ALJ rejected Dr. Parlatore's opinions because the ALJ determined that Dr. Parlatore did not provide a basis for his assessments. However, Dr. Parlatore's opinions were supported by a clinical interview with testing and MSE, and the October 2012 opinion was supported by and review of "numerous records" (*see* AR. 435-39; 512-16), which undermines the ALJ's determination that Dr. Parlatore did not support his opinion or provide a basis for his assessments. Thus, the ALJ erred in rejecting Dr. Parlatore's opinions as failing to give any "expressed basis" for his opinions when Dr. Parlatore's assessments, including the opinions contained on a check box form, were supported by examination notes and clinical findings. *See*, *e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014).

Second, the ALJ rejected Dr. Parlatore's opinions because she determined that Dr. Parlatore "appears to have heavily relied on the claimant's subjective reporting." AR. 34; *see also* AR. 35. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th

Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

As noted above, Dr. Parlatore's opinions were based on clinical interviews and observations, testing, and a review of records for the October 2012 opinion. Indeed, Dr. Parlatore's opinions were based, in part, on the MSE, which is not subjective. The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The MSE allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the Mental Status Examination is termed the *objective* portion of the patient evaluation." *Id.* at 4 (emphasis in original).

The MSE generally is conducted by medical professionals skilled and experienced in psychology and mental health. Although "anyone can have a conversation with a patient, [ ] appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status examination.'" Trzepacz and Baker, The Psychiatric Mental Status Examination 3. A mental health professional is trained to observe patients for signs of their mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality" (*id.* at 4), and, in part, because it is not uncommon for a person suffering from a mental illness to be unaware that her "condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (citation omitted).

Here, Dr. Parlatore charted a number of results based on plaintiff's MSE results. For example, in August 2014, Dr. Parlatore observed that plaintiff's speech was bland; his attitude and behavior were tense and serious; his mood was sad; and his affect was anxious, nervous, bland, and flat. AR. 515. On testing, Dr. Parlatore charted that plaintiff's concentration, pace, persistence, attention, and focus were poor. AR. 516. In October 2012, Dr. Parlatore made similar findings based on plaintiff's MSE, including that plaintiff's memory was poor and that his concentration and fund of knowledge were outside normal limits. *See* AR. 438-39. The record demonstrates that Dr. Parlatore provided sufficient explanation of the evidence relied upon in forming his opinions and that Dr. Parlatore did not base his opinions of plaintiff's limitations largely on self-reported symptoms. Rather, Dr. Parlatore provided a medical source statement that was

based on the doctor's observations, the objective results of the MSE, and plaintiff's self-reported symptoms. Thus, the ALJ's finding that the doctor's assessments relied heavily on the claimant's subjective complaints is not supported by substantial evidence in the record.

Third, the ALJ determined that Dr. Parlatore's opinion is incompatible with plaintiff's work and activities during the relevant period of disability. AR. 34, 35. The ALJ did not give an example of what work or activities undermine Dr. Parlatore's opinion and failed to provide specifics of how Dr. Parlatore's extensive testing and assessment of plaintiff's performance was contradicted. The ALJ must "build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). Conclusory statements, without more, are insufficient to constitute specific and legitimate reasons, supported by substantial evidence in the record to reject Dr. Parlatore's opinion. *See Embry v. Bowen,* 849 F.2d 418, 421–22 (9th Cir. 1988) (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan,* 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Regardless of the lack of specificity by the ALJ, the record does not support the ALJ's finding. Though not explicitly stated when analyzing Dr. Parlatore's opinions, the ALJ elsewhere in her opinion found that plaintiff's ability to play video games, be part of

an online gaming community, do farm chores, and occasional work undermine the severity of plaintiff's functional limitations. AR. 29-31. Substantial evidence does not support the ALJ's determination that plaintiff's work and activities are inconsistent with Dr. Parlatore's opined limitations. As an initial matter, it is unclear to the Court how playing video games and doing chores at plaintiff's home undermine Dr. Parlatore's opinion that plaintiff will have functional limitations related to his ability to follow detailed instructions, learn new tasks, perform activities within a schedule, communicate and perform work effectively in a work setting, maintain appropriate behavior at work, make simple work-related decisions, or be aware of normal work hazards and take appropriate precautions. AR. 437, 514. Indeed, plaintiff's work history of approximately one month at McDonald's (AR. 52-53, 60-61), a few weeks as a produce clerk at Winco (AR. 53, 365), a few months at a pet shop (AR. 49-63), and as a job shadow at Napa Auto Parts (AR. 55, 341) support Dr. Parlatore's opinion that plaintiff has functional limitations regarding his ability to perform basic work activities. Moreover, having based his opinion in part of a clinical interview—where plaintiff disclosed his daily activities—and on "numerous prior medical records"—the evidence in the record demonstrates that Dr. Parlatore was fully aware of plaintiff's activities when assessing plaintiff's functional limitations. Accordingly, the ALJ erred in dismissing Dr. Parlatore's opinion for this additional reason.

Fourth, the ALJ discounted Dr. Parlatore's opinion because she determined that plaintiff's presentation during the examinations was inconsistent with his presentation during other examinations throughout the relevant period and that plaintiff lacks

credibility as to the severity of his limitations. AR. 34, 35.  However, as noted above, "[i]f a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim*, 763 F.3d at 1162 (citations omitted).  But when an opinion is not more heavily based on a plaintiff's self-reports, then there is no evidentiary basis for rejecting the doctor's opinion. *Id.*  The Court has already determined that Dr. Parlatore did not base his opinion more heavily on plaintiff's self-reports than on his own clinical assessment.  Accordingly, rejecting Dr. Parlatore's opinion on this basis is legal error and not supported by substantial evidence.

Finally, and relatedly, the ALJ gave no weight to Dr. Parlatore's August 2014 opinion after determining that the opinion was not consistent with the longitudinal treatment record.  AR. 34, 35.  Again, the record does not support the ALJ's findings.  According to the Ninth Circuit, "where the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusion." *Nguyen*, 100 F.3d at 1465.  The ALJ cited to a number of a treatment records—without analysis—as evidence that "the claimant has routinely exhibited a lack of abnormalities in his affect, mood, speech, thought process, memory, concentration, or cognition."  AR. 34.  However, these citations undermine the ALJ's determination rather than support it.  The record demonstrates that plaintiff presented with varying symptoms throughout his treatment, ranging from normal or improved (*see, e.g.*, AR. 454, 458, 471-72, 481, 592) to symptoms that mimic exactly how he appeared before Dr. Parlatore, including a fair to poor mood and affect (AR. 425,

457, 472, 482, 548, 552, 598, 604), anxiety or anxious behavior (AR. 543, 550, 592), poor memory (AR. 449), poor concentration (AR. 449), average to low average cognition (AR. 452), limited or blocked speech (AR. 472, 552, 604), fair judgment and insight (AR. 548, 608), and fair to poor thought process (AR. 481, 548, 598).

The ALJ also cited to several records that purportedly undermine Dr. Parlatore's opinions and noted that the records demonstrate a lack of abnormalities with respect to plaintiff's motor activity. AR. 35. However, the ALJ offered no analysis or specificity regarding how motor activity undermines Dr. Parlatore's psychological evaluation. Indeed, it is unclear to the Court how records regarding plaintiff's motor activity relate to Dr. Parlatore's opined limitations.

The ALJ also takes issue with plaintiff's history with tics related to his Tourette's syndrome. AR. 35. The ALJ asserts that plaintiff is not credible, and therefore Dr. Parlatore's opinions should be discounted, because plaintiff told Dr. Parlatore that facial tics prevented his ability to work and that in a prior assessment the claimant declared that the tics had ceased. AR. 35. The record cited by the ALJ does not demonstrate that plaintiff stated his tics were a reason for his inability to work. *See* AR. 513. Rather, the August 2014 assessment reflects that plaintiff cited his depression as a reason for his impairments and that plaintiff reported his Tourette's Syndrome and associated tics during the clinical interview as part of his psychosocial history. AR. 512-13. Dr. Parlatore included in his own clinical findings that plaintiff's tics affect his ability to work. AR. 513. Moreover, although plaintiff has reported that the tics have subsided or ceased at times, providers have observed tics during treatment and assessments. *See*, *e.g.*,

AR. 552, 598. Thus, it is unclear how the absence of tics undermines Dr. Parlatore's opinions. Accordingly, the ALJ's finding of inconsistency with the medical record is not a specific and legitimate reason supported by substantial evidence for rejecting Dr. Parlatore's assessments. Based on the forgoing and on the record as a whole, the ALJ erred in her assessment of Dr. Parlatore's opinions.

The Court also concludes that the error in the evaluation of Dr. Parlatore's opinion is not harmless. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout*, 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)). Here, because the ALJ improperly disregarded the opinions of Dr. Parlatore in forming the RFC and plaintiff

was found to be capable of performing work existing in the national economy, the error affected the ultimate disability determination and is not harmless.

    (2)    Whether or not the ALJ provided germane reasons for rejecting the lay testimony.

Plaintiff also avers that the ALJ erred in rejecting the lay opinion testimony of plaintiff's mother, Michele Mucke. Dkt. 11, pp. 14-15. The ALJ rejected Ms. Mucke's lay opinion, in part, because she determined that Ms. Mucke's statement was inconsistent with examination findings. AR. 32. Because the Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, Ms. Mucke's lay opinion should be assessed anew following remand of this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 18th day of October, 2017.

                              J. Richard Creatura
                              United States Magistrate Judge